UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                               CASE NO: 2:13-cr-114-FtM-38DNF

OSCAR RUSS

_____/

### ORDER[1]

This matter comes before the Court on Defendant Oscar Russ's Motion for Retroactive Application of Sentencing Guidelines under Amendment 782 (Doc. #42), the United States Probation Office's Amendment 782 Memorandum (Doc. #46), and the Federal Defender's Office Notice of Compliance with the Court's Amendment 782 Omnibus Order (Doc. #50).

### BACKGROUND

Defendant pleaded guilty to distributing crack cocaine in violation of 21 U.S.C. § 841 (Doc. #29), and the Court sentenced him to 130 months imprisonment as a career offender under U.S.S.G. § 4B1.1.[2] (Doc. #37). Shortly after Defendant was sentenced, the United States Sentencing Commission promulgated Amendment 782 to the United States Sentencing Guidelines, which retroactively reduced the offense levels in U.S.S.G.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] According to the Presentence Investigation Report, Defendant's base offense level was 18 under U.S.S.G. § 2D1.1, but it was set at 32 under § 4B1.1 because Defendant was a career offender.

§ 2D1.1's drug quantity table.  Because of Amendment 782, Defendant moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2).  (Doc. #42).

The Court has appointed the Federal Public Defender's Office ("FPD") to represent Defendant in order to determine his eligibility for Amendment 782 relief.  (Doc. #44; Doc. #44-1).  The FPD has determined that Defendant is not eligible for a sentence reduction because he was sentenced as a career offender under U.S.S.G. § 4B1.1(b), and not under § 2D1.1(c)'s drug quantity table.  (Doc. #50 at ¶ 4).  The FPD has advised Defendant of its determination, as well as the Probation Office's Amendment 782 Memorandum that reached the same conclusion.  (Doc. #50 at 3).

## DISCUSSION

Under 18 U.S.C. § 3582, a court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that the Sentencing Commission subsequently lowered.  But, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence."  *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008); *see also United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012) ("[A] court cannot use an amendment to reduce a sentence in a particular case unless that amendment actually lowers the guidelines range in that case.").

Here, Defendant is not eligible for Amendment 782 relief.  The Court calculated Defendant's sentencing guidelines range using U.S.S.G. § 4B1.1(b)'s career offender table, and not § 2D1.1(c)'s drug quantity table.  Section 2D1.1(c) played no role in the Court calculating Defendant's sentencing range.  This is important because Amendment

782 only reduced offense levels for drug sentences calculated under § 2D1.1(c). Amendment 782 did not affect § 4B1.1(b)'s offense levels for a career offender. Because Defendant was sentenced under the offense levels in § 4B1.1(b), applying Amendment 782 would not lower his guidelines range. Defendant, therefore, is not eligible for a sentence reduction. *See United States v. Graham*, 623 F. App'x 530, 531 (11th Cir. 2015) (finding that the defendant could not "obtain relief under Amendment 782 because his career offender status forestall[ed] the amendment from lowering his guideline range"); *see also United States v. Jones*, No. 16-10050, 2016 WL 4136890, at *1 (11th Cir. Aug. 4, 2016) (*per curiam*) ("Because an amendment to § 2D1.1 does not affect a career offender's guidelines range, [defendant] is ineligible for a sentence reduction under § 3582(c)(2)").

In addition, under the present procedural posture, Defendant cannot challenge his status as a career offender. The Guidelines state that "[i]n determining the amended guideline range . . . the court shall substitute only the amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced. *All other guideline application decisions remain unaffected*." U.S.S.G. § 1B1.10(b)(1), app. N. 2 (emphasis added). As stated, "Amendment 782 does not affect U.S.S.G. § 4B1.1(a) or any related career offender provisions." *Graham*, 623 F. App'x at 531. This means that the Court's determination of Defendant as a career offender is "'outside the scope of the proceeding authorized by § 3582(c)(2).'" *Id.* (citing *Dillon v. United States*, 560 U.S. 817, 831 (2010)).

In conclusion, for the above stated reasons, the Court denies Defendant's motion for a sentence reduction under Amendment 782.

Accordingly, it is now

**ORDERED:**

(1) Defendant Oscar Russ's Motion for Retroactive Application of Sentencing Guidelines under Amendment 782 (Doc. #42) is **DENIED**.

(2) The Federal Public Defender's Office is relieved of further responsibility in this case, without prejudice, and no further action will be taken with regard to the appointment.  The Clerk shall terminate the Federal Public Defender's Office as counsel of record.

**DONE AND ORDERED** in Fort Myers, Florida on this 26th day of August 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record